UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-**

Robert L. Schmidt (RS5795)
**AST & SCHMIDT, P.C.**
PO Box 1309
222 Ridgedale Avenue
Morristown, NJ 07962-1309
973-984-1300   Fax 973-984-1478
Attorneys for the Debtors

Order Filed on March 6, 2017
by Clerk, U.S. Bankruptcy
Court - District of New Jersey

| | |
|---|---|
| In Re:<br><br>VICTOR DaSILVA and<br>IRENE DaSILVA,<br><br>        Debtors. | Case No. 12-20056 (SLM)<br><br>Chapter 13<br><br>Honorable Stacey L. Meisel |

**ORDER AUTHORIZING DEBTORS TO ENTER INTO PERMANENT MORTGAGE MODIFICATION AGREEMENT WITH NATIONSTAR MORTGAGE**

The relief set forth on the following page, numbered two (2) is hereby **ORDERED**.

**DATED: March 6, 2017**

_/s/ Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

(Page 2)
Debtors:           VIVTOR DaSILVA and IRENE DaSILVA
Case No.:          12-20056 (SLM)
Caption of Order:  ORDER AUTHORIZING DEBTORS TO ENTER INTO
                   PERMANENT MORTGAGE MODIFICATION AGREEMENT
                   WITH NATIONSTAR MORTGAGE

---

This matter being opened to the Court upon the application by DAVID ALAN AST, P.C., attorneys for debtors, Victor DaSilva and Irene DaSilva ("Debtors"), for entry of an order authorizing the Debtor to enter into a permanent mortgage loan modification agreement ("Permanent Modification Agreement") with mortgagee, Nationstar Mortgage ("Mortgagee") and notice having been given to Mortgagee, secured creditors, and the standing chapter 13 trustee ("Trustee"); and for cause shown;

It is hereby:

**ORDERED**, that the Debtors and Mortgagee are hereby authorized to enter into the Permanent Modification Agreement annexed hereto as Exhibit A; and it is further

**ORDERED**, that a copy of this Order shall be served upon Mortgagee's counsel, secured creditors, parties having filed a notice of appearance, and the Trustee within seven (7) days from entry thereof; and it is further

**ORDERED**, that, within ten (10) days from service of the Order by Debtors' counsel, the Debtors and Mortgagee shall consummate the Permanent Modification Agreement; and it is further

**ORDERED**, that the Debtors have 20 days from entry of the Order file Amended Schedules I and J and a modified plan, if necessary; and it is further

**ORDERED**, that the Court shall retain jurisdiction to enforce any provisions of this Order.

Z:\DAA Data\Data\CHAP13\DaSilva, V&I\App to Approve Perm Mod 170125\Proposed Order 170125.wpd

# Exhibit A

**After Recording Return To:**
NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019
855-369-2410

**This Document Prepared By:**
_____
NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019
888-480-2432

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: **$417,000.00**
New Money: **$5,559.93**

Loan No: **596504205**
Investor Loan No: **1704070024**

# LOAN MODIFICATION AGREEMENT
(Providing For Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 10th day of January, 2017, between **VICTOR DA SILVA and IRENE SILVA** ("Borrower") and **Nationstar Mortgage LLC, whose address is 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated _____, ____ and recorded in Book/Liber **N/A**, Page **N/A**, Instrument No: **N/A**, of the Official Records of _____ County, NJ and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**7 REGINA RD, SUCCASUNNA, NJ 07876,**
(Property Address)

the real property described being set forth as follows:

**Tax Parcel No.:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **January 1, 2017**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$369,657.11**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.



LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
8300a 08/14

Form 3179 1/01 (rev. 4/14)
(page 1 of 4)

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.500%**, from **January 1, 2017**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,432.02**, beginning on the **1st** day of **February, 2017**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **3.500%** will remain in effect until principal and interest are paid in full. If on **January 1, 2057** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of



LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
8300a 08/14

Form 3179 1/01 (rev. 4/14)
(page 2 of 4)

law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

(g) In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, If permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred in connection with any such action(s).

(h) Borrower understands that the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which the borrower may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

6. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

7. Our records indicate that you are the Debtor in an active bankruptcy proceeding. Please be advised that Court and/or Bankruptcy Trustee approval of this loan modification agreement may be required depending upon jurisdictional requirements. If approval of the loan modification is



LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
8300a 08/14

Form 3179 1/01 (rev. 4/14)
(page 3 of 4)

required, Nationstar will not honor the loan modification agreement until evidence of the required approval is provided.

8. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

9. This Agreement modifies an obligation secured by an existing security instrument recorded in County, NJ, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $364,097.18. The principal balance secured by the existing security instrument as a result of this Agreement is $369,657.11, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_____    Date: 1/24/2017
VICTOR DA SILVA -Borrower

_____    Date: 1/24/2017
IRENE SILVA -Borrower

**Nationstar Mortgage LLC**

By: _____(Seal) - Lender
Name: _____
Title: **Assistant Secretary**

_____
Date of Lender's Signature


LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform Instrument
8300a 08/14


Form 3179 1/01 (rev. 4/14)
(page 4 of 4)